**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BENJAMIN BROWNLEE,

                             Plaintiff,

       v.                                      No. 12-CV-400
                                               (DNH/CFH)

HAROLD GRAHAM, Superintendent;
EARL BELL, Captain; M.P. BROWN,
Lieutenant; C.M. PARRY, Sergeant; K. EVIN
HESSE, Correctional Officer; WALTES,
Correctional Officer; ZEHR, Correctional
Officer; MICHAEL HUTCHINGS, Correctional
Officer; JOANNE REILLEY, Registered Nurse;
ROBINSON, Deputy Superintendent of
Security; THOMAS, Deputy Superintendent of
Programs, all defendants employed at
Auburn Correctional Facility,

                             Defendants.[1]

_____

**APPEARANCES:**                        **OF COUNSEL:**

BENJAMIN BROWNLEE
Plaintiff Pro Se
10-A-1145
Marcy Correctional Facility
Post Office Box 3600
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN         C. HARRIS DAGUE, ESQ.
Attorney General for the             Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

_____

     [1] By Text Order dated June 29, 2012, defendant "N.P. Brown" was dismissed from this action pursuant to Fed. R. Civ. P. 41(a)(1)(A) in accordance with Brownlee's letter motion seeking to voluntarily dismiss N.P. Brown. Text Order dated 6/29/12; Dkt. No. 31.
     Furthermore, by notice and acknowledgment of receipt of summons and complaint, defendant "Waltes" is actually spelled "Walts." Dkt. No. 19. As such, the latter spelling is used throughout this report-recommendation.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Benjamin Brownlee ("Brownlee"), an inmate currently in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eleven DOCCS employees, violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1 at 1–11). Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 53. Brownlee does not oppose the motion. For the following reasons, it is recommended that defendants' motion be granted.

### I. Failure to Respond

Brownlee did not oppose defendants' motion even though the Court notified him of his response deadline. Dkt. No. 54. "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Defendants provided notice in their motion papers as required by the Second Circuit and as normally done by the office of defendants' counsel. Id.; Dkt. No. 53-1. Further, because Brownlee's custodian, Marcy Correctional Facility ("Marcy"), accepted responsibility for causing delay in Brownlee's legal work, the Court granted Brownlee an extension to file a response in opposition. Text Order dated 5/29/2013. Upon Brownlee's letter motion received on June

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

14, 2013 requesting an extension of time to file a response, the Court granted Brownlee an extension of July 29, 2013. Dkt. Nos. 61, 62. Despite these notices and extensions, Brownlee failed to respond.

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 486. Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; FED. R. CIV. P. 56(c). "A verified complaint is to be treated as an affidavit . . . and therefore will be considered in determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 219 (2d Cir. 2004) (same). The facts set forth in defendants' Rule 7.1 Statement of Material Facts (Dkt. No. 53-2) [hereinafter "Defs.' Statement"] are accepted as true as to those facts that are not disputed in Brownlee's complaint. N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis in original).


## II. Background[3]

At all relevant times, Brownlee was incarcerated at Auburn Correctional Facility ("Auburn").

On July 5, 2011, Brownlee was stabbed by another inmate and Brownlee sustained

---

[3] Because it is recommended that Brownlee's action be dismissed based on his failure to exhaust available administrative remedies, facts relevant to the merits of Brownlee's claims are not discussed. See subsection III(B).

multiple wounds. Compl. at 7; Defs.' Statement ¶ 4; Dkt. No. 1 at 31, 35–36. While being escorted to receive medical treatment, Brownlee was slapped by defendant Walts and assaulted by defendant Zehr. Compl. at 8. After this altercation, defendant Sergeant Parry authored a misbehavior report against Brownlee for fighting, failing to follow a direct order, engaging in violent conduct, and creating a disturbance. Dkt. No. 1 at 32. A disciplinary hearing was conducted from July 22, 2011 through July 26, 2011 and Brownlee was found guilty of all rule violations except for creating a disturbance. Id. at 33. On September 19, 2011, the July 26, 2011 hearing disposition was affirmed. Dkt. No. 1 at 43.

On August 1, 2011, Brownlee filed a grievance concerning the July 5, 2011 inmate altercation to the inmate grievance resolution committee ("IGRC").[4] Compl. at 31; Dkt. Nos. 1 at 31, 53-5 at 10. Brownlee complained that defendants Hesse, Hutchings, and Parry "failed to properly secure the scene . . . ." Id. Brownlee contends that this grievance, "affirmed" on September 19, 2011, was taken out of his institutional record. Compl. at 4.

Non-party Parmiter, Auburn's inmate grievance program supervisor, attested that a search of Brownlee's grievance records shows Brownlee had filed only one grievance pertaining to the July 5, 2011 altercation, which is dated August 1, 2011. Defs.' Statement ¶¶ 6, 12–14; Parmiter Decl. (Dkt. No. 53-5) ¶¶ 1, 8–10. That grievance is the same one attached to Brownlee's complaint. Parmiter Decl. ¶ 10; Dkt. No. 53-5 at 10. The grievance was investigated and the superintendent denied it on September 23, 2011 because the

_____

[4] The DOCCS "IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response; and (3) appeal to the CORC [Central Office Review Committee] . . . within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir. 2004) (internal citations omitted).

investigation showed no evidence existed to support Brownlee's allegations. Defs.' Statement ¶ 15; Dkt. No. 53-5 at 5. Parmiter attested there are no grievances in Brownlee's records showing that he complained about grievances not being processed, not receiving responses to grievances, or having grievances removed from his files. Defs.' Statement ¶ 17; Parmiter Decl. ¶ 13.

Non-party Hale, assistant director of the Inmate Grievance Program ("IGP"), who maintains the Central Office Review Committee's ("CORC") records, attested that a search of the appeals received by CORC from Brownlee indicates Brownlee never appealed the grievance dated August 1, 2011. Defs.' Statement ¶ 24; Dkt. No. 53-4 at 4. Furthermore, Hale attested that Brownlee never appealed any grievance dispositions involving (1) excessive force, (2) Auburn employees failing to protect Brownlee from an inmate assault, or (3) being denying adequate medical care on July 5, 2011. Defs.' Statement ¶¶ 18, 20, 23; Hale Decl. (Dkt. No. 53-4) ¶¶ 1–2, 6–7; Dkt. No. 53-4 at 4.

## III. Discussion

Brownlee alleged claims of failure to protect, excessive force, medical indifference, and verbal harassment. Defendants argue that Brownlee's complaint should be dismissed because Brownlee failed to exhaust available administrative remedies.[5]

---

[5] Defendants also raise the personal involvement defense on behalf of defendants Graham, Robinson, Bell, and Brown and argue that Brownlee's claims are without merit. However, because it is recommended herein that defendants' motion as to the dismissal of Brownlee's complaint be granted on other grounds, their motion based on the additional arguments need not be addressed.

## A.  Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion.  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial.  The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223–24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . .  At the same time, our cases have also

6

> indicated that we cannot read into pro se submissions claims
> that are not "consistent" with the pro se litigant's allegations, . . .
> or arguments that the submissions themselves do not "suggest,"
> . . . that we should not "excuse frivolous or vexatious filings by
> pro se litigants," . . . and that pro se status "does not exempt a
> party from compliance with relevant rules of procedural and
> substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537

F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded

district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his

pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged

factual dispute between the parties will not defeat an otherwise properly supported motion;

the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at

247–48.


## B.  Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), an inmate must

exhaust all administrative remedies prior to bringing any suits challenging prison conditions,

including federal civil rights cases.  Porter v. Nussle, 534 U.S. 516, 524 (2002); see also

Woodford v. Ngo, 548 U.S. 81, 83 (2006).  This exhaustion requirement applies to all prison

condition claims.  Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or

duration of a prisoner's overall confinement is necessarily a condition of that confinement."

Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999).  The exhaustion requirement also

applies even if the administrative grievance process does not provide for all the relief

requested by the inmate.  Porter, 534 U.S. at 524.

7

Exhaustion for an inmate in DOCCS custody is generally achieved through IGP.  See N.Y. COMP. CODES R. & REGS. tit. 7, § 701.1, et seq. (2012).  Allegations of staff harassment are subject to an expedited procedure whereupon the complaint is first reviewed by the Superintendent and only if it is not a bona fide claim will it be returned to the IGP for normal processing.  N.Y. COMP. CODES. R & REGS. tit. 7, § 701.8 (2012).  Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit.  Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009); see also N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5(d)(2)(ii) (2012) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days").  Disagreement with the superintendent's decision in the expedited review also requires an appeal to CORC.  N.Y. COMP. CODES. R & REGS. tit. 7, § 701.8 (g)–(h); see also Espinal v. Goord, 588 F.3d 119, 125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through CORC).  Exhaustion must precede filing a lawsuit.  Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient."), abrogated in part on other grounds by Porter, 534 U.S. 516.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply."  Ruggiero v. Cnty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)).  The failure to exhaust may be excused in limited circumstances.

> In determining whether such an exception is applicable, a district court must apply a three-part test: First, the court must determine whether administrative remedies in fact were available to the prisoner.  Second, if such remedies were available, the court must determine whether the defendants' own

8

> actions inhibited the inmate's exhaustion of administrative
> remedies, thereby requiring that one or more of them be
> equitably estopped from raising the failure to exhaust as a
> defense. Finally, if administrative remedies were available and
> the defendants are not estopped, the court must determine
> whether any special circumstances justify the prisoner's failure
> to comply with administrative procedural requirements.

Gayle v. Benware, 716 F. Supp. 2d 293, 298 (S.D.N.Y. 2010) (internal citations omitted);

see generally Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (articulating above

test as the appropriate method for excusing failure to exhaust given the present state of all

Second Circuit opinions). "Unavailability of administrative remedies . . . is an objective

[test]: that is, would a similarly situated individual of ordinary firmness have deemed them

unavailable." Kasiem v. Switz, 756 F. Supp. 2d 570, 576–77 (S.D.N.Y. 2010) (internal

quotation marks and citations omitted). Estoppel occurs when "an inmate reasonably

understands that pursuing a grievance through the administrative process will be futile or

impossible . . . [as evidenced by] prison officials' threats, beatings, . . . denials of grievance

forms, or by other misconduct deterring [the inmate] from fulfilling the requisite procedure."

Id. at 577 (internal quotation marks and citations omitted). If an inmate claims estoppel and

continues to file complaints and grievances, the exception is inapplicable. Id. Special

circumstances exist when an inmate's failure to comply can be justified. Id. (citations

omitted). Justification is found "by looking at the circumstances which might

understandably lead usually uncounselled prisoners to fail to grieve in the normally required

way." Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004) (citations omitted).

In this case, Brownlee's complaint must be dismissed for failure to comply with

exhaustion requirements. Record evidence submitted by both Brownlee and defendants

reveals that Brownlee has lodged only one grievance pertaining to a small portion of the

claims contained in the instant complaint. DOCCS's computer printout shows that this grievance was not appealed to CORC, as required by New York Codes, Rules and Regulations. Thus, Brownlee has failed to exhaust his administrative remedies for purposes of this federal action.

Brownlee has also failed to establish an excuse to counter defendants' exhaustion defense. First, the record is devoid of any indication that administrative remedies were unavailable to Brownlee and Brownlee does not make any allegations to the contrary. Gayle, 716 F. Supp. 2d at 298. Second, even though Brownlee alleged that a grievance is missing from his institutional records, thereby claiming defendants inhibited his ability to exhaust administrative remedies and his failure to exhaust should be excused by estoppel, defendants produced Brownlee's grievance that was investigated and denied on September 23, 2011. While Brownlee's July 26, 2011 hearing disposition was affirmed on September 19, 2011, this latter disposition involved a disciplinary hearing, not a grievance. Brownlee does not controvert defendants' declaration and records submitted on this point. Further, DOCCS's computer records also shows that Brownlee never filed a grievance claiming that a grievance was removed from his records or he did not receive a response to a grievance. As such, it is apparent that no rational factfinder could find that defendants are estopped from raising the exhaustion defense. Gallo, 22 F.3d at 1223–24. Lastly, Brownlee does not contend that special circumstances exist to justify his failure to comply with exhaustion requirements. Giano, 380 F.3d at 678. DOCCS's computer printout also shows that Brownlee was capable of appealing his grievances on eight separate occasions. Dkt. No. 53-4 at 4.

Because Brownlee failed to properly exhaust his administrative remedies before

10

commencing the suit, and no limited circumstance exists to excuse such failure, the action must be dismissed.  <u>Neal</u>, 267 F.3d at 122.

Accordingly, defendants' motion on this ground should be granted and Brownlee's complaint should be dismissed based on his failure to exhaust.


## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment (Dkt. No. 53) be **GRANTED** and Brownlee's complaint (Dkt. No. 1) be **DISMISSED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).


Dated: October 11, 2013
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge